IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSELL PERRY II,<br><br>                    Plaintiff,<br><br>vs.<br><br>LEXIS NEXUS,<br><br>                    Defendant. | **8:23CV122**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on two motions filed by Plaintiff Russell Perry II, a non-prisoner.

First, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis on March 30, 2023.[1] Filing No. 7. Upon review of Plaintiff's Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.

Plaintiff has also filed a Motion for Exemption from PACER[2] Fees. Filing No. 10. Plaintiff submitted a CM/ECF NextGen e-filing request and was granted access on April 5, 2023. Plaintiff now requests an exemption from payment of the Electronic Public Access Fee ("PACER User Fee") prescribed in accordance with 28 U.S.C. § 1914. However, Plaintiff is automatically exempted from the PACER User Fee as set forth in NEGenR 1.3(a)(1)(A)(i):

> **(A)**     **Exemptions from PACER User Fees:** The PACER user fee does not apply to:
>
>         (i)     official recipients of electronic documents, i.e., parties legally required to receive service or to whom service is directed

---

[1] The Court deferred ruling on Plaintiff's in forma pauperis motion until Plaintiff corrected his Complaint's signature deficiency, which Plaintiff did on May 26, 2023. *See* Filing No. 9; Filing No. 6-1.

[2] PACER is the abbreviation for the Public Access to Court Electronic Records system, https://pacer.uscourts.gov.

> under the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. Official recipients receive the initial electronic copy of a document free to download as they see fit, but if they remotely access the document again, they are charged the standard PACER user fee.

Thus, Plaintiff is not required to pay the PACER User Fee for the initial copy of any electronic document filed in this case to which Plaintiff is entitled to receive service. Given this automatic exemption from the PACER User Fee, the Court does not find that a discretionary exemption is necessary to avoid unreasonable burdens on Plaintiff. Plaintiff's motion for exemption from the PACER User Fee is, therefore, denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 7, is granted, and the Complaint shall be filed without payment of fees. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

2. Plaintiff's Motion for Exemption from PACER Fees, Filing No. 10, is denied to the extent Plaintiff seeks a discretionary exemption above and beyond the automatic exemption he receives as a case participant.

Dated this 1st day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge